**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 3 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LEGI PRIYODE,

Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

Respondent.

No. 14-70974

Agency No. A099-906-396

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 24, 2016[**]

Before:    LEAVY, FERNANDEZ, and RAWLINSON, Circuit Judges.

Legi Priyode, a native and citizen of Indonesia, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's decision denying his application for asylum and withholding of removal.

We have jurisdiction under 8 U.S.C. § 1252.   We review for substantial evidence

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.   *See* Fed. R. App. P. 34(a)(2).

the agency's factual findings. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny the petition for review.

Substantial evidence supports the agency's conclusion that the incidents of harm Priyode experienced in Indonesia, even considered cumulatively, did not rise to the level of persecution. *See id.* at 1059-60; *see Halim v. Holder*, 590 F.3d 971, 976 (9th Cir. 2009) (evidence, including incidents of mistreatment during youth, did not compel a finding of past persecution). Substantial evidence also supports the agency's determination that, even under a disfavored group analysis, Priyode failed to demonstrate sufficient individualized risk of harm to establish a well-founded fear of future persecution. *See Halim*, 590 F.3d at 979. We reject Priyode's contentions that the BIA ignored evidence or applied an incorrect legal standard. Thus, Priyode's asylum claim fails.

Because Priyode did not establish eligibility for asylum, he necessarily failed to establish eligibility for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

**PETITION FOR REVIEW DENIED.**